## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-01971-WJM-CBS

MILLENNIUM CRYOGENIC TECHNOLOGIES, LTD., a Canadian corporation,

    Plaintiff,

v.

WEATHERFORD ARTIFICIAL LIFT SYSTEMS, INC., a Delaware corporation.
WEATHERFORD U.S., L.P., a Louisiana limited partnership.
WEATHERFORD INTERNATIONAL, INC., a Delaware corporation.
WEATHERFORD INTERNATIONAL, LTD., a Swiss joint-stock corporation

    Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), the Court finds that good cause exists for entry of a Protective Order to prevent any unauthorized disclosure and use of the parties' confidential information, proprietary information, trade secrets, and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

1.    **Applicability of Protective Order.** This Protective Order is applicable to Millennium Cryogenic Technologies, Ltd. ("Millennium") and Weatherford Artificial Lift Systems, Inc., Weatherford U.S., L.P., Weatherford International, Inc., and Weatherford International, Ltd. ("Weatherford") for the sole purpose of facilitating discovery in the above-styled and -numbered cause. This Protective Order is also applicable to any third parties that may produce documents or provide testimony in this action, and such third parties shall be entitled to designate documents or testimony in accordance with the provisions of this Protective Order. It is expressly ordered that this Protective Order will not, in any manner, be disclosed to the jury in the above-styled and -numbered cause. It is further ordered that this Protective Order, or the designations made under the Protective Order, will not be used, in any manner or form, direct or indirect as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this

case, save and except a hearing which involves issues related to the enforcement of any provision of this Protective Order.  It is further ordered that this provision is absolutely and completely essential to this Protective Order and that this paragraph is not severable from any remaining paragraph or provisions of this Protective Order.

2.   **Scope of Protection.**

(a)   All documents, electronically stored information ("ESI"), testimony, and tangible things produced by the parties in the matters styled *McKay v. Weatherford Canada Ltd*, [2007] Fed. Ct. 1233, and/or *McKay v. Weatherford Canada Ltd.*, [2008] Fed. Ct. App. 369 in Canada ("the Canadian litigation") are available for use in this lawsuit.  The discovery provided in the Canadian litigation shall accordingly be governed by this Protective Order in this litigation.   The admissibility of such documents, ESI, testimony, and tangible things in this case shall be determined in accordance with the Federal Rules of Evidence.

(b)   This Protective Order shall be applicable to and govern any discovery responses, documents, data, tangible items, or deposition testimony produced, served, or given in response to any discovery taken in this litigation pursuant to the Federal Rules of Civil Procedure and applicable local rules of this district and designated by the producing party as either CONFIDENTIAL or ATTORNEYS' EYES ONLY (collectively the "Material"), or any copies thereof or information contained in or derived from any of the foregoing Material until further order of the Court.

(c)   All recipients of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information pursuant to this Protective Order shall use any such information governed solely by this Protective Order only in connection with the prosecution or defense of this case, and for no other purpose whatsoever, except by consent of the parties or order of the Court.

3.   **Designation.**   In designating information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, a party shall make such a designation only as to Material that the party in good faith believes constitutes confidential and/or proprietary information used by it in, or pertaining to, its business, and that is of a type that the producing party normally would

not reveal to third parties or would cause third parties to maintain in confidence.  Upon such designation, all such designated material shall be protected, used, handled, disclosed, and disposed of strictly in accordance with the provisions of this Protective Order.  Paragraph 15 of this Protective Order provides the mechanism whereby a party may challenge the designation of materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  If the party challenging such a designation shows that such designation was made unreasonably and/or in bad faith, the Court may, in its discretion, award the challenging party its attorneys' fees and costs incurred in challenging such unreasonable and/or bad faith designation before the Court.

4.      **Attorneys' Eyes Only Information.**

The designation ATTORNEYS' EYES ONLY shall be limited to CONFIDENTIAL material which a producing party or third party believes should not be disclosed to a director, officer, or employee of a receiving party.  The designation ATTORNEYS' EYES ONLY shall be used only if the producing party reasonably believes that such material contains information the disclosure of which is likely to cause harm to the competitive position of the producing party.   The party or parties receiving CONFIDENTIAL information shall not under any circumstances sell, offer for sale, advertise, or publicize ATTORNEYS' EYES ONLY information.   Information designated as ATTORNEYS' EYES ONLY material or extracts or summaries of such material may be disclosed only to the following persons:

(a)     Approved Outside Counsel for any party to this litigation, which is defined to mean the outside counsel of record in this litigation and/or in the Canadian litigation associated with the following law firms and/or their successors: Winston & Strawn LLP and Fraser Milner Casgrain LLP (representing Weatherford) and Merchant & Gould PC and Prowse Chowne LLP (representing Millennium).

(b)     other attorneys of the law firms of Approved Outside Counsel for any party to this litigation, as defined in Paragraph 4(a) above, who have a need for access to such ATTORNEYS' EYES ONLY information to carry out assigned tasks with respect to this litigation;

(c)     all paralegal assistants, stenographic and clerical employees of such counsel;

(d)     any person not regularly employed by a party who is expressly retained or sought to be retained by any attorney described in Paragraph 4(a) above as an expert or consultant to assist in preparation of this action for trial, and employees of such person, with disclosure only to the extent necessary to perform such work (such persons may include jury consultants and the people with whom they work);

(e)     the Court and any of its staff;

(f)     the jury;

(g)     court reporters, videographers, and similar technicians, with disclosure only to the extent necessary to perform their work; and

(h)     any current employee of a party may view his or her employer's ATTORNEYS' EYES ONLY material.

5.   **Confidential Information.**

The designation CONFIDENTIAL shall be used only for information, documents, or things that the producing party reasonably believes contain confidential research, development, engineering, or commercial information.  The party or parties receiving CONFIDENTIAL information shall not under any circumstances sell, offer for sale, advertise, or publicize CONFIDENTIAL information.   Information designated as CONFIDENTIAL may be disclosed only to the following persons:

(a)     Approved Outside Counsel for any party to this litigation, which is defined to mean the outside counsel of record in this litigation and/or in the Canadian litigation associated with the following law firms and/or their successors: Winston & Strawn LLP and Fraser Milner Casgrain LLP (representing Weatherford) and Merchant & Gould PC and Prowse Chowne LLP (representing Millennium);

(b)     other attorneys of the law firms of Approved Outside Counsel for any party to this litigation, as defined in Paragraph 5(a) above, who have a need for access to such CONFIDENTIAL information to carry out assigned tasks with respect to this litigation;

(c)     all paralegal assistants, stenographic, and clerical employees working under the direct supervision of such counsel;

(d)     two (2) "in-house" counsel for the parties;

(e)     any person not regularly employed by a party who is expressly retained or sought to be retained by any attorney described in Paragraph 5(a) as an expert or consultant to assist in preparation of this action for trial, and employees of such person, with disclosure only to the extent necessary to perform such work (such persons may include jury consultants and the people with whom they work);

(f)     no more than two (2) employees of a party (in addition to the in-house counsel of Paragraph 5(d)) who are actively engaged in assisting that party's attorneys in the conduct of this litigation, with disclosure only to the extent necessary to perform such work;

(g)     the Court and any of its staff;

(h)     the jury;

(i)     court reporters, videographers, and similar technicians, with disclosure only to the extent necessary to perform their work; and

(j)     any current employee of a party may view his or her employer's CONFIDENTIAL material.

6.     **Acknowledgement by Authorized Persons.**  Subject to the provisions of Paragraph 7, the persons described in Paragraphs 5(d), 5(e), and 5(f) shall have access to the CONFIDENTIAL material and the persons described in Paragraphs 4(d) and 4(e) shall have access to the ATTORNEYS' EYES ONLY material only after they have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of Exhibit "A," the annexed "ACKNOWLEDGMENT," and delivering it to counsel for the employer of such persons.  The persons receiving CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material are enjoined from disclosing it to any other person, except in conformance with this Protective Order.

7.     **Disclosure to Outside Consultants.**

(a)     Not less than ten (10) calendar days prior to the initial disclosure of any opposing party's CONFIDENTIAL and/or ATTORNEYS' EYES ONLY materials to any expert witness or consultant falling under the provisions of Paragraphs 4(e) or 5(e) of this Protective Order (excluding jury consultants), the party proposing to make such disclosure shall serve a Notice on the party designating the information as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY (and to the opposing party, if the designating party is other than Millennium or Weatherford), by email and by mail, and include in such Notice the identity of such individual, a copy of a curriculum vitae and a signed copy of the annexed ACKNOWLEDGMENT.

(b)     Within the period before disclosure of the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information to the proposed recipient, the party or non-party whose information is concerned may serve (by email and mail) a written objection to such disclosure.  Such an objection shall stay disclosure to the proposed recipient.  A party or non-party serving such a written objection to the proposed recipient must file a motion for protective order within 5 business days of the service of its written objection.  On any such motion, the party seeking to prevent the proposed disclosure shall have the burden of proof.  If a motion for protective order is filed in conformity with this paragraph, no disclosure to a person subject to the motion may occur until the Court rules otherwise, or the parties agree otherwise.  Failure to serve a written notice of objection within ten (10) calendar days shall be deemed approval of the disclosure to the proposed recipient.  Failure to file a motion for protective order within the allotted period shall operate as a waiver of the objection.

(c)     If a consultant is disclosed pursuant to this paragraph, no discovery may be had from or concerning that consultant unless the individual is subsequently designated as a testifying expert by the disclosing party or unless any party objects to the review of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information by that individual and discovery is necessary to determine whether that individual should be entitled to review such information.

8.      **List of Authorized Persons.**  A list shall be maintained by counsel of the names of all persons to whom CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material is

disclosed, and such list shall be available for inspection by the Court upon good cause shown by opposing counsel.  Similar but separate lists shall also be maintained with respect to CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material provided by third parties.

9.      **Disclosure to Others.**

(a)      Should it become necessary to disclose CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information to a person or persons beyond the terms of Paragraphs 4 and 5, the attorneys working in this action on behalf of the receiving party will inform the lead counsel of the producing party, in writing, of the documents or materials to be disclosed, the person or persons to whom disclosure is to be made, and the extent of the disclosure required fourteen (14) days in advance of disclosure to afford counsel an opportunity to object to disclosure and move the Court for a protective order.  If no objection and motion for protective order are made within the 14-day period, disclosure to such named persons may be made after the expiration of such 14-day period.  If an objection and motion are made within the 14-day period, such Material shall not be disclosed pending a decision by the Court on such motion.  Any person who becomes authorized to receive CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material pursuant to this paragraph (whether such authorization arises from the lack of an objection and motion for protection or from the Court's ruling on a motion for protection) shall, prior to the receipt of Material, execute and deliver to counsel a copy of Exhibit "A." Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

(b)      This Protective Order contemplates reasonable cooperation between the parties with respect to any request for disclosure; approval will not be withheld without reasonable basis.

(c)      Further, lists shall be maintained of the person or persons to whom CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material is disclosed

under this paragraph and the specific CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material disclosed.

10. **Delivery of Acknowledgments Upon Termination of Lawsuit.** Promptly after termination of the lawsuit by settlement, judgment, or otherwise, the parties hereto shall provide opposing counsel with a copy of the lists referred to in Paragraphs 8 and 9 and the signed ACKNOWLEDGMENTS referred to in Paragraphs 6 and 7.

11. **Jurisdiction of the Court.** Each individual who receives CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material thereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

12. **Safeguarding of Confidential Information.** The recipient of any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own valuable proprietary information.

13. **Method of Designation of Confidential Information.** Parties shall designate CONFIDENTIAL and ATTORNEYS' EYES ONLY material as follows:

(a) In the case of interrogatory answers and responses to requests for admission, and the information contained therein, designation shall be made by placing the following legend on such document prior to the production: CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event that interrogatory answers and responses to requests for admissions contain both types of information, the answers shall be designated separately.

(b) In the case of multiple-page documents produced in this action, each and every page of the document deemed to be CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be so designated by a legend on each such page; a single legend on the first page of a multiple-page document will not be deemed to designate the entire document as per the legend. All copies of designated material shall be

stamped again if the duplicating process does not adequately reproduce the original stamp.

(c)     With respect to any Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such Material with a cover labeled CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall inform all counsel in writing of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation of such Material at the time such Material is produced.

(d)     For CONFIDENTIAL or ATTORNEYS' EYES ONLY Material produced on diskettes, magnetic or electronic media, and other non-paper methods, only outside counsel may create paper versions of the media (by printing or other means) produced by the opposing party.  If any outside counsel shall print or otherwise create paper copies of material that is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, such outside counsel shall immediately mark such documents with the appropriate CONFIDENTIAL or ATTORNEYS' EYES ONLY stamp prior to distributing such material.

(e)     All interrogatory answers and responses to requests for admission, as well as all documents produced in this case, shall be automatically considered and treated as ATTORNEYS' EYES ONLY materials for a 5-business-day waiting period after service.  In the event that a party inadvertently failed to stamp or otherwise designate a document or response as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of its production, the producing party may so stamp or otherwise designate the document or other information during the 5-business-day waiting period.

(f)     Thereafter, if the producing party discovers that the document or material was not properly designated, the producing party shall inform the receiving party, and the receiving party shall make reasonable effort to mark the document or information

in the manner requested by the producing party and thereafter treat the document in accordance with such marking.

(g)    In the case of depositions, designation of the portion of the transcript (including exhibits) that contains CONFIDENTIAL or ATTORNEYS' EYES ONLY materials shall be made by a statement to such effect on the record in the course of the deposition.  If a party orally designates portions of the deposition testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY during the course of the deposition, the court reporter shall transcribe the pages so designated in a separate volume marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Material may also be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY upon review of such transcript by counsel for the party to whose CONFIDENTIAL or ATTORNEYS' EYES ONLY materials the deponent has had access.  Said review by counsel shall occur within ten (10) calendar days after counsel's actual receipt of the transcript unless otherwise agreed by the parties.  Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY materials and exhibits to the transcript that contain such material, and mail copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

(h)    Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed ATTORNEYS' EYES ONLY material, unless counsel during the deposition states that the information is CONFIDENTIAL material; if no such designation is made within ten (10) calendar days after the receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY material.  Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.  If a deposition transcript or a portion thereof is filed and if it contains CONFIDENTIAL or ATTORNEYS' EYES ONLY material, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

(i)    For any individual who may properly attend a deposition, such person must leave the room before discussion of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material unless that individual witness is entitled to review such material. Each party must inform the opposing party 48 hours in advance of a deposition regarding any individual that they intend to have at the deposition.

(j)    Counsel of record for a party whose information is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY may request that all persons other than the individuals specified in paragraphs 4 and 5 of this Protective Order, as appropriate, leave the deposition room during the portion of any deposition in which such CONFIDENTIAL or ATTORNEYS' EYES ONLY Material is disclosed. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question.

(k)    Nothing in this Order shall prevent a party during a deposition in this litigation from:

    i.    Showing a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a deponent who is the author or recipient of the document. An "author" is any person that had or reasonably might have had any role in originating, creating, writing, or contributing information to a document, or had any responsibility for or oversight of those persons who did, whether or not that person's name appears on such document. A "recipient" is any person who received, had access to, or any right to view a document or the information it contains; or who reasonably might have received, had access to, had any right to view a document or the information it contains, whether or not that person's name appears on such document.

    ii.    Showing a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a deponent who is a current employee of the party that designated the document;

iii.  Showing a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a deponent who is a former employee of a party or a former or current employee of a non-party, after it is shown through questioning that the deponent (a) had access to the document or information contained therein as a result of his or her current or former employment by the party or non-party, or (b) would reasonably be expected to be familiar with the information contained in the document by reason of the deponent's duties, responsibilities, or work performed during the deponent's current or former employment by the non-party or former employment by the party; or

iv.  Showing a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a deponent who is a Rule 30(b)(6) corporate representative of a party or a third party, provided that the document is reasonably related to the subject matter of the Rule 30(b)(6) deposition topics and it is reasonable to assume that the organization being deposed would have had access to the document and/or the information contained in the document.

v.  At the request of any party, any deponent who is not currently employed by a party to the lawsuit shall be required to sign Exhibit "A" before being shown any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

(l)  Inadvertent or unintentional production of documents or information containing CONFIDENTIAL or ATTORNEY'S EYES ONLY information which is not designated CONFIDENTIAL or ATTORNEY'S EYES ONLY shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

(m)  "Reasonable cooperation" between the parties required by paragraph 9(b) of this Order includes the requirement that parties at depositions shall refrain from asserting objections to prevent disclosures and discovery at depositions unless a reasonable basis exists to assert such objections.

15. **Disputes Regarding Confidential Designations.**   A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation and the reasons therefore and serve copies of such notice to lead counsel for all other parties herein.  The parties shall then try to resolve the matter in good faith on an informal basis for a period of 7 days from the receipt of the notice.  If the parties cannot resolve the issue informally, the party producing such designated Material must then file a motion for a protective order within 21 days from its initial receipt of the written notice and shall bear the burden of justifying confidential treatment of the disputed Material under applicable law.  If such a motion is timely filed, the protection afforded by this Protective Order shall continue until a decision on the motion is made by the Court.  If no motion is made within the 21 day period, the protection afforded CONFIDENTIAL or ATTORNEYS' EYES ONLY Material by this Protective Order shall terminate as to the Material described in the objecting party's notice given pursuant to this paragraph.

16. **Use of Confidential Information in Court Proceedings.**

(a)     Except for use in trial, in the event that CONFIDENTIAL or ATTORNEYS' EYES ONLY Material that is subject to the provisions of this Protective Order is used in motions, briefs, or other documents filed with the Court, such document shall be filed under seal **(in accordance with Local Rule 7.2)** and bear the legend:

"THIS DOCUMENT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL OR ATTORNEYS' EYES ONLY AND COVERED BY A PROTECTIVE ORDER"

(b)     In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY material is used in any court proceeding in connection with this litigation, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use **in accordance with Local Rule 7.2**. At trial of this case, any exhibits offered into evidence shall have the

CONFIDENTIAL or ATTORNEYS' EYES ONLY designation removed, or the document shall be copied in such a manner that the designation shall not be visible on the exhibit.

(c)     The Clerk of the Court is requested to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party that are, in whole or in part, designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information.  The person filing such material shall designate to the Clerk **in accordance with Local Rule 7.2** that all or a designated portion thereof is subject to this Protective Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so. Documents filed under seal may be viewed only by the Court and its staff or the law firm or attorney that filed the documents(s) under seal.

17.     **Third Party Discovery.**  Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

18.     **Documents Reviewed, Prepared Prior to Litigation; Party's Own Files.**  Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

19.     **Destruction of Confidential Information Upon Termination of Litigation.**  Within sixty (60) days of the termination of litigation (including any appeals) between the

parties, all CONFIDENTIAL or ATTORNEYS' EYES ONLY and all copies thereof (with the following exception) shall be returned to the party that produced it, or destroyed and a certification of destruction provided to the designating party.  The attorneys for each party may maintain a single copy of each of the pleadings in this action, provided that those pleadings that contain CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information shall continue to be maintained in accordance with the provisions of this Protective Order.

20.   **Unauthorized Disclosures.**   If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner and to the persons authorized by this Protective Order, the party responsible for the disclosure must immediately inform the party designating such information as CONFIDENTIAL or ATTORNEYS' EYES ONLY of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

21.   **Inadvertent Disclosures.**   If a party inadvertently discloses to a receiving party privileged information or work-product materials, said disclosing party may so advise the receiving party in writing and request and obtain return of the inadvertently produced items, and the receiving party shall not keep any copies of such information or materials. No party to this action shall, after such notice, assert that said disclosure waived any privilege.  The provisions of this paragraph shall not apply to any disclosure when that disclosure is made by the disclosing party during trial or in support of any position taken in court during pre-trial proceedings.

22.   **Waiver.**  Nothing in this Protective Order shall be deemed a waiver of:

(a)   Any right any party otherwise might have under the Federal Rules of Evidence or the doctrines of attorney-client privilege or attorney work product;

(b)   Any party's right to object to any discovery requests on any ground;

(c)   Any party's right to seek an order compelling discovery with respect to any discovery request;

(d)     Any party's right in any proceeding herein to object to the admission of any evidence on any ground;

(e)     Any party's right to use its documents and its own CONFIDENTIAL or ATTORNEYS' EYES ONLY in its sole and complete discretion; or

(f)     The status of any material as trade secret.

23.     **Protective Order Survives Termination.**  This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

24.     **Attorney Evaluation of Confidential Information for Client.**  This order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client his or her evaluation in a general way of CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced or exchanged herein, provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of the information produced by another party herein when such disclosure would be contrary to the terms of this Protective Order.

25.     **Relief of Court.**  This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in Paragraphs 1 through 24, inclusive, hereof.  Until such time, the terms of this Protective Order, as modified by any written agreement of the parties to this action, shall govern the discovery procedures in this case.

IT IS SO ORDERED.

DATED at Denver, Colorado, this 21st day of February 2012.

BY THE COURT:


_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT

1.      The undersigned hereby acknowledges that I have read the PROTECTIVE ORDER which was signed by the Court on _____, 2011, in *Millennium Cryogenic Technologies, Ltd v. Weatherford Artificial Lift Systems, Inc.*, Civil Action No. 1:11-cv-01971-WJM-CBS pending in the United States District Court for the District of Colorado.

2.      I am one of the persons contemplated in Paragraphs 4 or 5 thereof as authorized to receive disclosure of information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by either of the parties.  I am familiar with and agree to be bound by the terms of the Protective Order entered in the above-referenced matter.

3.      I will only make such copies of or notes concerning documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY material as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

4.      I will not reveal the contents of CONFIDENTIAL or ATTORNEYS' EYES ONLY material to any unauthorized person.

_____
Signature

_____
Printed Name

_____
Employer

_____
Title or Position

_____
Date