**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01971-WJM-CBS

MILLENNIUM CRYOGENIC TECHNOLOGIES, LTD., a Canadian Corporation,

    Plaintiff,

v.

WEATHERFORD ARTIFICIAL LIFT SYSTEMS, INC., a Delaware Corporation,
WEATHERFORD U.S., L.P., a Louisiana Limited Partnership,
WEATHERFORD INTERNATIONAL, INC., a Delaware Corporation,
WEATHERFORD INTERNATIONAL, LTD., a Swiss Joint-Stock Corporation,

    Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE
UNDER 28 U.S.C. § 1404(A)**
_____

In this civil action, Plaintiff Millennium Cryogenic Technologies, LTD. ("MCT"), a Canadian corporation, brings claims for patent infringement and injunctive relief against Defendants Weatherford Artificial Lift Systems, Inc., Weatherford U.S., L.P., Weatherford International, Inc., and Weatherford International, Ltd (collectively "Weatherford"). (ECF No. 1.)

Before the Court is Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Southern District of Texas. (ECF No. 41.) For the reasons set forth below, Defendants' Motion to Transfer Venue is granted.

**I.  BACKGROUND**

Plaintiff filed its Complaint on July 29, 2011. (ECF No. 1.) Plaintiff brings claims for patent infringement and injunctive relief against Defendants alleging that they

infringed, induced, and/or contributed to the infringement of Plaintiff's patent regarding methods for renovating down hole drilling pipe.  (*Id*. ¶ 9.)

On November 30, 2011, Defendants filed a Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Southern District of Texas.  (Motion (ECF No. 41.))  Plaintiff filed its Response in Opposition to Defendants' Motion to Transfer Venue on December 23, 2011 (Resp. (ECF No. 54)), and Defendants filed their Reply Brief in Support of their Motion on January 3, 2012 (Reply (ECF No. 55)).

This Motion is now ripe for resolution.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *See Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  In ruling on a motion to transfer venue, district courts must assess two issues: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in the that district.  *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986).  The competing equities include the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws;

>(8) the advantage of having a local court determine questions of local law; and
>(9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  However, the decision to transfer venue lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness."  *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### III.  ANALYSIS

**A.     This Case Might Have Been Brought In The Southern District Of Texas**

Plaintiff does not dispute that this case might have been brought in the Southern District of Texas.  (Resp. at 8.)  Defendants' United States operations related to this action are located in Houston, Texas, which is in the Southern District of Texas.  (Motion at 5-6); 28 U.S.C. § 124(b).  As the challenged actions here have a connection to the transferee district, the Court finds that this case might have been brought in the Southern District of Texas.

**B.     The "Competing Equities" Factors**

    **1.     Plaintiff's Choice Of Forum**

Plaintiff argues that its choice of this forum should be given considerable weight.  (Resp. at 2-3).  However, a plaintiff's choice of forum is entitled to little weight when it is neither their principal place of business nor the place where the operative facts giving rise to the claims occurred.  *See Bailey v. Union Pac. R.R.*, 364 F. Supp. 2d 1227,

1229-30 (D. Colo. 2005);  *Friends of the Norbeck v. U.S. Forest Serv., C.A.,* No. 10-cv-2164, 2010 WL 4137500, at *2 (D. Colo. Oct. 18, 2010).  Moreover, a plaintiff's choice of forum should be given less weight if it is a foreign entity.  *See In re Link_A_Media Devices Corp.*, Misc. No. 990, 2011 WL 6004566, at *2 (Fed. Cir. Dec. 2, 2011) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981) (stating that when a plaintiff is foreign, the presumption of favor for its choice of forum is "much less reasonable")).

Here, Plaintiff conducts no business in Colorado; rather, its principal place of business is in Canada.  (Motion at 6.)  In contrast, Defendants maintain offices and conduct relevant operations in the Southern District of Texas.  (Declaration of Wayne Pilgrim, attached to Motion, Ex. A.)  Moreover, all relevant witnesses and documents in this case appear to be located in Canada and Texas, not Colorado.  (*Id.*, Pl's Rule 26(a)(1) Disclosures, attached to Motion, Ex. C.)  As such, the Court finds that Plaintiff's choice of forum should not be controlling.

        **2.**      **Witnesses And Sources Of Proof**

The availability of witnesses is an important consideration in deciding a motion to transfer.  *See Bailey*, 364 F. Supp. 2d at 1230 (finding the convenience and availability of the witnesses to be a compelling factor).  Further, the availability of compulsory process can be a key factor in transfer decisions where third party witnesses are located in the transferee district.  *Id., see also Sackett v. Denver and Rio Grand Western R.R. Co*, 603 F. Supp. 260, 261 (D. Col. 1985) (transferring case to Utah where witnesses were subject to subpoena).

It is undisputed that the fact witnesses and documents relevant here are located in either Texas or Canada. (Motion, Exs. A, C.) Defendants' United States operations related to the allegations in this case are located at their Houston facility. (*Id.*) No witnesses, documents or operations are located in Colorado. (*Id.*) In contrast, multiple potential witnesses are located in the Southern District of Texas, including potential third-party witnesses.[1] (*Id.*) This Court may not be able to secure these third-party witnesses' attendance at trial. The Southern District of Texas, however, has the availability of compulsory process to secure their attendance at trial. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (availability of compulsory process weighs in favor of transfer).

Plaintiff argues against transfer stating that while "the suit should be in Canada" if that were possible, the case should stay in this District because of "the location of [Plaintiff's] United States counsel and relative geographic proximity to Edmonton, Alberta Canada. Travel time to Denver is just over two hours while travel time to Houston is not quite four hours . . ." (Resp. at 3.) The location and convenience of Plaintiff's counsel, however, are not relevant factors in deciding a motion to transfer. *See Bailey*, 364 F. Supp. 2d at 1230. Rather, the Court agrees with Defendants that the four hour round-trip difference in travel time to Houston compared to Denver in the event of trial is a *de minimus* inconvenience for Plaintiff.

As witnesses and documents in this case, including third parties, are located in

---

[1] While Plaintiff identifies one expert witness, Dr. Glenn McIntosh, who testified on MCT's behalf in a prior related Canadian lawsuit, Plaintiff also states that it "is not yet representing that Dr. McIntosh will be retained in this case." (Resp. at 4.)

5

the Southern District of Texas, while none are located in Colorado, the Courts finds that the second factor weighs in favor of transfer.

### 3. The Cost Of Making The Necessary Proof

As noted above, it is undisputed that all current witnesses in this case reside in either Canada and Texas. (Motion, Exs. A, C.) No witnesses are located in Colorado. (*Id*.) As such, potential witnesses located in Texas may incur significant expenses if they have to travel to this District for trial. *See In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (finding travel costs to weigh in favor of transfer). Moreover, such costs may be particularly cumbersome for the third party witnesses to the extent they are not reimbursed by the parties. *See S.E.C. v. Rizvi*, No. 09-cv-371, 2010 WL 2949311 at *10 (E.D. Tex. July 2, 2010) (granting transfer when it was more or equally convenient for non-party witnesses). In contrast, all Canadian witnesses will have to travel internationally to either District.

While Plaintiff argues against transfer by stating that Defendants are global corporations with significant financial resources (Resp. at 8), the Court does not consider Defendants' financial resources to be a factor in its transfer determination. *See In re Link_A_Media Devices Corp.*, 2011 WL 6004566 at *1 (rejecting argument that transfer was improper because the defendant was "a global company" with significant resources). Therefore, the Court finds that the third factor weighs in favor of transfer.

### 4. All Other Factors And Considerations

Under the fourth factor, enforceability of a judgment, the Southern District of

Texas will have a potentially better ability of enforcing judgment against Defendants as Weatherford has facilities located there. (Motion, Ex. A); *see Bryant v. Allianz Life Insur. Co. of North America, C.A.* No. 09-cv- 02307, 2010 WL 3174749 at * 3 (D. Colo. Aug. 10, 2010) (finding that the District of Minnesota had slightly better chance of enforcing judgment over a Minnesota-headquartered company).

As for the ninth factor, regarding "all other considerations of a practical nature that make a trial easy, expeditious and economical," while Plaintiff may have expended significant time and money litigating before this Court (Resp. at 7), any motions, Orders or discovery conducted to date may be used by the parties in the Southern District of Texas. *See Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Magnetic Eng'g & Mfg. v. Dings Mfg.*, 178 F.2d 866, 868 (2d Cir. 1950) (L. Hand, J.)) ("[W]hen an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done."). Thus, resources will not be wasted in the event of transfer. To the contrary, transfer of this case from Colorado to Texas may minimize unnecessary inconvenience and expense.[2]

Accordingly, the remaining factors, to the extent that they are applicable here, favor transfer.

### C.     Summary Of Convenience And Interest Of Justice Factors

Based on the above analysis, the factors involving convenience of the witnesses and the cost of making the required proof in this case favor transfer. The interests of justice factors either support transfer or are irrelevant here. Aside from Plaintiff's

---

[2]     Factors 5-8 are inapplicable to this case.

interest in its choice of forum, none of the factors the applicable case law directs this Court to consider weigh in Plaintiff's favor on the transfer question.  As such, the Court finds that the above factors favor transferring this case to the Southern District of Texas, and Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) is granted.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Southern District of Texas (ECF No. 41) is GRANTED; and

2. The Clerk is directed to transfer the case record to the District Court for the Southern District of Texas.

Dated this 23rd day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge